UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, et al., )
                                                                )
      Plaintiffs, )
                                                                )
    vs. )                    No. 4:09-CV-907 (CEJ)
                                                 )
AGR CONSTRUCTION CO., et al., )
                                                 )
      Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for summary judgment. The Court ordered defendants to retain new counsel by June 25, 2010. Defendants did not comply with the Court's order. Thus, defendants have not opposed the motion, and the time allowed for doing so has expired.

**I.**    **Background**

Plaintiffs bring this action pursuant to § 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, § 515 of ERISA, 29 U.S.C. §§ 114, 1145, and § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. Plaintiffs are four employee benefit plans, their trustees (the plans), and the Laborers Locals 42-53-110. Defendants AGR Construction Co., Inc., and ABDF Construction, LC, (collectively "AGR")[1] are parties to a collective bargaining agreement with the Laborers Locals 42-53-110 and the Site Improvement Association.

Plaintiffs contend that AGR failed to make timely contributions to the plans as required under the terms of the collective bargaining agreement. They seek $141,893.06 in delinquent contributions, $28,379.08 in liquidated damages, $9,682.93

---

[1] AGR "conducted business in this judicial district as ABDF . . . but issued payroll under the name of AGR Construction, LC[.]" (Doc. #1, at 4, para. 7).

in interest, $1,538.00 in payroll examination fees, $4,061.50 in attorneys' fees, and $399.50 in administrative costs for the period from December 1, 2007 through September 30, 2009.

II. **Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the nonmoving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

III. **Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On or about October 8, 2007, AGR and the Laborers Locals 42-53-110 and the Site Improvement Association entered into a collective bargaining agreement, which remains in effect until March 1, 2014.[2] (Doc. #35-5; #35-7). The collective bargaining agreement obligates AGR to make contributions to the Welfare Fund (§ 5.03), Pension Fund (§ 5.04), Vacation Fund (§ 5.05), Apprenticeship and Training Fund (§ 5.06), Site Advancement Fund (§ 5.07), and Supplemental Dues Commercial Work Fund (§ 5.08) for each hour worked by employees covered by the agreements. Failure to make timely contributions subjects AGR to liquidated damages, interest, court costs, and attorney's fees. (Doc. #35-5, at 13-14; #35-7, at 20-21). Additionally, the collective bargaining agreement provides that, "[i]f . . . examination [of the employer's records] discloses that the [e]mployer has not made full reporting and payment, the cost of the examination and audit shall be paid by the Employer provided that such allocation of cost to the [e]mployer shall not apply in the case of inadvertent or immaterial error, or clerical mistake." (Doc. #35-5, at 13-14; #35-7, at 20-21).

Plaintiffs submit the report and affidavit of John Massa, an accountant with Wolfe Nilges Nahorski, P.C. (Wolfe Nilges Nahorski). Plaintiffs hired Wolfe Nilges

---

[2] Defendants "agree[d] to be bound by all subsequent agreements, renewals, changes or extensions thereto made by the original parties, unless notice of termination is given to the Union by the undersigned not less than sixty (60) days nor more than ninety (90) days prior to any termination date." (Doc. #35-6). The collective bargaining agreement was renewed for the period from Mary 1, 2009 to March 1, 2014. The record does not indicate that defendants submitted a notice of termination to the Union.

Nahorski to examine AGR's earnings records, payroll tax reports, cash disbursement records, and payroll journals. (Doc. #35-8; #35-10). In his affidavit, Mr. Massa states that "[his] calculation shows that defendant owes $141,893.06 in delinquent contributions[,] $28,379.08 in liquidated damages[,] and $9,682.83 in interest." (Doc. #35-8, at 1, para. 4). Although Mr. Massa reports that "Exhibit 1 is a true and accurate copy of [his] calculation[s,]" (Doc. #35-8, at 1, para. 4), the exhibit does not explain how Mr. Massa calculated the amount of AGR's delinquent contributions, liquidated damages, or interest. Moreover, plaintiffs have failed to provide supplemental documentation detailing these calculations as directed by the Court. (Doc. #43). Thus, the Court finds that plaintiffs have failed to establish with sufficient certainty the amount of AGR's delinquent contributions, liquidated damages, and interest for the period from December 1, 2007 to September 30, 2009. The Court, therefore, finds that a genuine issue exists as to plaintiffs' amount of damages.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment [Doc. #22] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2010.