UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:09-CV-907 (CEJ) ) |
| AGR CONSTRUCTION CO., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to reconsider the Court's order denying summary judgment.

I. **Background**

Plaintiffs are four employee benefit plans (the plans), their trustees, and Local Unions 42-53-110 of the Laborers International Union of North America (the Union). Defendants AGR Construction Co., Inc., and ABDF Construction, LC, (collectively "AGR")[1] are a construction company which executed an agreement to be bound by the collective bargaining agreement negotiated between the local unions and the Site Improvement Association for work performed in St. Louis City and St. Louis County. Plaintiffs bring this action pursuant to § 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, § 515 of ERISA, 29 U.S.C. §§ 114, 1145, and § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 alleging that AGR failed to make timely contributions to the plans as required under the terms of the collective bargaining agreement. Plaintiffs seek $141,893.06 in delinquent contributions, $28,379.08 in liquidated damages, $9,682.93 in interest,

---

[1]AGR "conducted business in this judicial district as ABDF . . . but issued payroll under the name of AGR Construction, LC[.]" (Doc. #1, at 4, para. 7).

$1,538.00 in payroll examination fees, $4,061.50 in attorneys' fees, and $399.50 in administrative costs for the period from December 1, 2007 through September 30, 2009.

Plaintiffs filed a motion for summary judgment on May 20, 2010. Because the documentation filed in support of the motion was insufficient to support plaintiffs' damages calculations, the Court granted plaintiffs until July 23, 2010 to supplement the motion with additional documentation. Plaintiffs did not submit any additional documentation. Unable to determine whether plaintiffs' claimed damages were reasonable, the Court denied the motion for summary judgment on August 13, 2010.

On August 16, 2010, plaintiffs filed the instant motion for reconsideration or to set aside the order denying the motion for summary judgment. Plaintiffs state that they mistakenly believed they had filed a motion to substitute an exhibit detailing their damages calculation on July 13, 2010, and that this additional documentation was not submitted due to inadvertent error. Plaintiffs ask the Court to re-examine their motion for summary judgment in light of this supplemental documentation.

II. Reconsideration

While the Federal Rules of Civil Procedure "do not mention motions for reconsideration," the Eighth Circuit has categorized motions for reconsideration as "nothing more than Rule 60(b) motions when directed at non-final orders." Anderson v. Raymond Corp., 340 F.3d 520, 525 (8th Cir.2003) (citing Broadway, 193 F.3d at 989); See Elder-Keep v. Aksamit, 460 F.3d 979, 984-85 (8th Cir.2006). This characterization has been considered dicta by some courts and the standard to be applied in deciding whether to grant reconsideration of an interlocutory order is less then clear. See Discount Tobacco Warehouse, Inc. v. Briggs Tobacco and Specialty Co.,Slip Copy, 2010 WL 3522476 *2 (W.D. Mo. 2010); Garrett v. Albright, 2008 WL

268993 at *1(W.D. Mo. 2008) (claiming that a district court has greater discretion to reconsider or alter non-final orders). Because the Court finds that plaintiffs' failure to submit additional documentation was the result of "mistake, inadvertence, or excusable neglect," reconsideration is appropriate regardless of whether the Court employs the standard advocated in Garrett or the stricter standard set forth in Rule 60(b), Fed.R.Civ.P. Garrett, 2008 WL 268993, at *1, n.2.

The plaintiffs bear the burden of proving damages, even in ERISA actions. Trustees of Chicago Plastering Inst. Pension Trust v. Cork, 570 F.3d 890, 896-97(7th Cir. 2009). But some courts have shifted this burden when uncertainty as to the amount of contributions is caused or contributed to by an employer's failure to maintain or produce adequate records as required by ERISA, 29 U.S.C. § 1059(a)(1). Compare Trustees of Chicago Plastering Inst. Pension Trust, 570 F.3d at 896-97 with Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333 (9th Cir.1988); Motion Picture Industry Pension & Health Plans v. N.T. Audio, 259 F.3d 1063 (9th Cir. 2001). Neither the Supreme Court, nor the Eighth Circuit has addressed shifting the burden of proving damages with respect to ERISA delinquent contributions actions, but this Court has required defendants to prove the inaccuracy of plaintiff's claimed damages where damages amounts are uncertain due to defendant's conduct. See Greater St. Louis Construction Laborers Welfare Fund v. Don Richardson Concrete Company, 775 F. Supp. 1249, 1254 (E.D.Mo.1991) (payroll records destroyed while in defendant's custody and defendants failed to timely respond to plaintiff's discovery requests); Greater St. Louis Const. Laborers Welfare Fund v. D&H Concrete, Inc., 2008 WL 2437419 (E.D. Mo. 2008) ("imprecision of [damages] was necessitated by the defendants' failure to provide the information requested by plaintiffs." Id. at *2.).

In withdrawing their motion for contempt for failure to comply with a discovery

order, plaintiffs represented to the Court that defendants had produced all the records necessary for a complete unpaid contributions audit. (Doc. #29). Hence, plaintiffs have not alleged sufficient facts for the Court to consider the equitable remedy of burden-shifting. Further, even where the employer has been required to rebut a plaintiff's assumptions supporting the damages calculations, those assumptions must still be reasonable based upon available evidence. Trustees of Painters Union Deposit Fund v. Ybarra Const. Co., 113 Fed.Appx. 664, 668 (6th Cir. 2004).

The Court initially denied plaintiffs' motion for summary judgment because the report by John Masa, an accountant hired by plaintiffs to perform an audit of defendants' payroll records, failed to adequately state how Masa calculated owed contributions, liquidated damages and interest. (Doc. #46-2, 3). Plaintiffs have submitted supplemental materials that are essentially a print-out of the spreadsheet calculations used by Masa in arriving at his estimated damages amounts. It appears that Masa multiplied each unreported hour he found in his examination of defendants' payroll records by a fixed amount of contribution due to each fund. Liquidated damages (20%) and interest are then derived from these delinquent contribution amounts. Each funds' delinquent dues are apparently[2] calculated using the following values:

1. Welfare Fund, $4.95/hour;
2. Pension Fund, $4.25/hour;
3. Training Fund, $.53/hour;
4. Site Association Fund, $.16/hour;
5. Vacation Fund, $1.00/hour.

---

[2]As plaintiffs have provided no explanation as to how they arrived at the amount of contribution per hour due for each employee, the Court was forced to calculate these figures by dividing the amount claimed for a given month by the number of unreported hours found in Masa's payroll audit for that same month. From a brief sampling of these values, it appears that Masa used the same contribution amount for every unreported hour regardless of the type of employee, type of work or date the hour was claimed.

- 4 -

This amounts to a claimed hourly contribution of approximately $10.89 per unreported hour.

Plaintiffs have failed to explain how they arrive at these amounts and they differ from the amounts provided in the collective bargaining agreement. A cursory reading of the parties' collective bargaining agreement shows a structure of fringe benefit contributions that are determined based upon the classification of the employee and provide a schedule for annual increases in contribution amounts. There are also differences between the contribution amounts provided in the collective bargaining agreement covering the period from March 1, 2004 to March 1, 2009 and the subsequent agreement effective for the period from March 1, 2009 to March 1, 2014. Plaintiffs have only provided the name, address and range of hourly wage attributed to each employee. In one instance, plaintiffs purport to claim $10.89 per hour in fringe benefit contributions for an employee who's wage is alleged to be $12.00 per hour. Plaintiffs also claim $.16 per hour for "SAF," which the Court assumes refers to the Site Advancement Fund mentioned in the parties' labor agreement. However, the Site Advancement Fund was not named as a plaintiff to this action and so unpaid contributions cannot be claimed on its behalf. Masa's report states that interest is computed according to the "commercial rate." This leaves the Court unable to determine whether his calculations comply with 29 U.S.C. § 1132(g), which provides that 26 U.S.C.A. § 6621 shall apply if no interest rate is specified in the agreement. Plaintiffs, having submitted documentation which shows a complicated contribution structure, must at least explain what assumptions were made in calculating damages. In summary, the supplemental documentation submitted by plaintiffs fails to alleviate the defects found by the Court in its initial denial of summary judgment.

The Court agrees with plaintiffs' contention that trial or a hearing on the issues of damages would involve an unnecessary expenditure of time and resources in light of defendants' failure to retain counsel or oppose plaintiffs' motion for summary judgment. However, regardless of whether plaintiffs are requesting damages through summary judgment or default judgment, they will still be required to show that the amount of damages claimed is reasonable. See Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (although factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven); Stephenson v. El-Batrawi, 524 F.3d 907, 916-17 (8th Cir. 2008) (district court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" is insufficient. Id. at 917).

If plaintiffs again seek summary judgment, it is the Court's hope that they will provide all of the documentation necessary to a determination of the relief they seek.

Accordingly,

**IT IS FURTHER ORDERED** that plaintiffs' motion to reconsider the Court's order denying summary judgment [Doc. #46] is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order to the defendants as follows:

> AGR Construction Company
> 1711 Florine Blvd.
> St. Charles, MO  63303
>
> ABDF Construction, LLC,
> 522 Elm Creek Drive
> Wentzville, MO  63385

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2010.