UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:09-CV-907 (CEJ) |
| AGR CONSTRUCTION CO., et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' second motion for summary judgment. Defendants have not responded to plaintiffs' motion and the time allowed for doing so has passed.

I. **Background**

Plaintiffs are four employee benefit plans (the plans), their trustees, and Local Unions 42-53-110 of the Laborers International Union of North America (the Union). Defendants AGR Construction Co., Inc., and ABDF Construction, LC, (collectively "AGR")[1] are a construction company which executed an agreement to be bound by the collective bargaining agreement (CBA) negotiated between the local unions and the Site Improvement Association for work performed in St. Louis City and St. Louis County. Plaintiffs bring this action pursuant to § 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, § 515 of ERISA, 29 U.S.C. §§ 114, 1145, and § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 alleging that AGR failed to make timely contributions to the plans as required under the

---

[1] AGR "conducted business in this judicial district as ABDF . . . but issued payroll under the name of AGR Construction, LC[.]" (Doc. #1, at 4, para. 7).

terms of the CBA. Plaintiffs seek $139,807.44 in delinquent contributions, $27,961.92 in liquidated damages, $9,540.33 in interest, $1,538.00 in payroll examination fees, $4,061.50 in attorneys' fees, and $399.50 in administrative costs for the period from December 1, 2007 through September 30, 2009.

Plaintiffs filed their first motion for summary judgment on May 20, 2010. Finding that the documentation filed in support of plaintiffs' motion was insufficient to support plaintiff's damages calculations, the Court granted plaintiffs until July 23, 2010 to supplement their motion for summary judgment with additional documentation supporting their claimed damages. Plaintiffs did not submit any additional documentation. Unable to determine whether plaintiffs claimed damages were reasonable, the Court denied plaintiffs' motion for summary judgment on August 13, 2010. On August 16, 2010, plaintiffs filed a motion for reconsideration or to set aside the Court's order denying their motion for summary judgment. The Court, again finding numerous errors and insufficient documentation to support their damages claims, denied plaintiff's motion to reconsider denial of their first summary judgment motion on October 22, 2010. Finally, plaintiffs filed this second motion for summary judgment and have submitted additional documentation addressing the deficiencies found in the Court's October 22, 2010 order. Defendants have not filed a response to plaintiffs' motion for summary judgment, nor have they complied with the Court's May 24, 2010 order requiring them to retain counsel by June 25, 2010.

II. **Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the nonmoving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Where the non-moving party does not oppose summary judgment, the moving party must still prove damages. See Stephenson v. El-Batrawi, 524 F.3d 907, 916-17 (8th Cir. 2008) (district court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" is insufficient. Id. at 917).

III. Discussion

ERISA provides that employers shall make contributions when required by the terms of a CBA. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On or about October 8, 2007, AGR and the Laborers Locals 42-53-110 and the Site Improvement Association entered into a CBA, which remains in effect until March

1, 2014.² (Doc. #35-5; #35-7). The CBA obligates AGR to make contributions to the Welfare Fund (§ 5.03), Pension Fund (§ 5.04), Vacation Fund (§ 5.05), Apprenticeship and Training Fund (§ 5.06), Site Advancement Fund (§ 5.07), and Supplemental Dues Commercial Work Fund (§ 5.08) for each hour worked by employees covered by the agreements. Failure to make timely contributions subjects AGR to liquidated damages, interest, court costs, and attorney's fees. (Doc. #35-5, at 13-14; #35-7, at 20-21). Additionally, the CBA provides that , "[i]f . . . examination [of the employer's records] discloses that the [e]mployer has not made full reporting and payment, the cost of the examination and audit shall be paid by the Employer provided that such allocation of cost to the [e]mployer shall not apply in the case of inadvertent or immaterial error, or clerical mistake." (Doc. #35-5, at 13-14; #35-7, at 20-21).

Based upon the documentation and affidavits submitted by plaintiffs, as well as their unopposed factual statements, the Court finds that defendants were bound at all relevant times by a valid CBA and that defendants breached their obligations by failing to timely submit unpaid contributions and payroll reports.

In support of their claimed damages, plaintiffs have submitted an updated affidavit by John Massa addressing the deficiencies detailed in the Court's October 22, 2010 order denying summary judgment. Mr. Massa is an account hired to perform an audit of defendant's payroll records. Plaintiffs have also submitted documents detailing Mr. Massa's calculations regarding delinquent contributions, liquidated damages and interest. Mr. Massa's affidavit also shows the assumptions he made based upon the

---

²Defendants "agree[d] to be bound by all subsequent agreements, renewals, changes or extensions thereto made by the original parties, unless notice of termination is given to the Union by the undersigned not less than sixty (60) days nor more than ninety (90) days prior to any termination date." (Doc. #35-6). The collective bargaining agreement was renewed for the period from Mary 1, 2009 to March 1, 2014. The record does not indicate that defendants submitted a notice of termination to the Union.

parties' CBA and available records.  The Court finds that Mr. Massa's calculations accurately reflect the delinquent contributions, liquidated damages and interest amounts owed by defendant under the terms of the CBA.

The plaintiffs have also submitted affidavits detailing the attorneys' fees and audit costs expended in connection with this action.  The Court finds that plaintiffs' claimed attorneys' fees and payroll audit costs are reasonable in light of the hours expended and complexity of the work involved respective to other cases in which similar fees were found reasonable under ERISA.

Accordingly,

**IT IS FURTHER ORDERED** that plaintiffs' second motion for summary judgment [Doc. #50] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order to the defendants as follows:

> AGR Construction Company
> 1711 Florine Blvd.
> St. Charles, MO  63303
>
> ABDF Construction, LLC,
> 522 Elm Creek Drive
> Wentzville, MO  63385

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2010.